IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Donnell R. Johnson, | ) | C/A No. 0:21-101-RMG-PJG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Stevie Knight, *Warden*; Melissa Forsyth, *Camp Administrator*, | ) | |
| Respondents. | ) | |

Petitioner Donnell R. Johnson, a self-represented federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss or, in the alternative, motion for summary judgment. (ECF No. 12.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (ECF No. 13.) Petitioner filed a response in opposition. (ECF No. 16.) Having carefully considered the parties' submissions and the record in this case, the court concludes that Respondent's motion to dismiss should be granted.

## BACKGROUND

The following allegations are taken as true for purposes of resolving Respondent's motion to dismiss. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Estill, South Carolina. In 2014, Petitioner was sentenced to 216 months' imprisonment by the United States District Court for the District of Alaska. Petitioner's projected release date, with consideration for good conduct time, is November 7, 2024.

During his incarceration, the First Step Act of 2018 became law. Pub. L. No. 115-391, 132 Stat. 5194 (December 21, 2018). The First Step Act requires the BOP to create an incentive system for inmates to complete recidivism reduction programs through, among other things, the award of credits to reduce inmates' sentences. 18 U.S.C. § 3632(d). The law requires the system be implemented by January 15, 2022, but during a two-year phase-in of the system that began on January 15, 2020, the BOP may, in its discretion, expand those programs to inmates and award credits under those programs, giving priority to inmates according to their proximity to their release date. 18 U.S.C. § 3621(h).

Petitioner now brings this action alleging that the BOP has not yet implemented the system required by the First Step Act for inmates like him who are nearing their release dates. Petitioner claims that if the system is implemented, he would be eligible for release or pre-release custody based on his earned time credits. (Pet., ECF No. 1 at 12.) Petitioner claims that, despite his requests, the BOP refuses to award him 365 days of time credits in the form of a sentence reduction that he would be owed under the First Step Act's system. (Id. at 11-12.) Petitioner asks the court to order BOP to immediately apply Petitioner's earned time credits to his sentence.

## DISCUSSION

### A.     Rule 12(b)(6) Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the pleading.[1]  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be

---

[1] The Federal Rules of Civil Procedure apply to petitions for a writ of habeas corpus to the extent the rules are not contradicted by federal statute or previous practice in habeas proceedings. Fed. R. Civ. P. 81(a)(4); see, e.g., Walker v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009) ("In proceedings under § 2254, the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss.").

enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the pleading. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court may also consider documents attached to the pleading, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the pleading and authentic. Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.  Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is generally the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th

Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

**C.     Respondent's Motion to Dismiss**

Respondent argues this matter should be dismissed because Petitioner failed to exhaust his administrative remedies before filing the Petition. The court agrees.

Federal prisoners must exhaust their administrative remedies prior to filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) and Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)); Jaworski v. Gutierrez, 509 F. Supp. 2d 573, 577-78 (N.D.W. Va. 2007). A court may excuse an inmate's failure to exhaust upon a showing of cause and prejudice. Id.

The BOP has a four-step administrative grievance process. See 28 C.F.R. § 542.12 et seq. First, the inmate must seek to resolve the matter informally at the institution in which he is confined. Second, he must file a formal written complaint to the warden within twenty calendar days after the issue arose. Third, he must appeal the warden's decision to the Regional Director within twenty days; and fourth, he must appeal to the Central Office.

Petitioner concedes that he has not exhausted his administrative remedies because he completed only the first two steps of the BOP's administrative grievance process. However, Petitioner argues that attempting to further exhaust his remedies would be futile because this dispute is a "narrow dispute of statutory construction which is exempt from the exhaustion process." (Pet., ECF No. 1 at 6.) Assuming without deciding that futility alone can demonstrate cause to excuse the exhaustion requirement, Petitioner does not explain how this case turns on a question of statutory construction or, relatedly, why the BOP cannot apply the statute in the first

instance.  The First Step Act gives the BOP the discretion to implement this system prior to the 2022 deadline.  See 18 U.S.C. § 3621(h)(4) ("Preliminary expansion of evidence-based recidivism reduction programs and authority to use incentives—Beginning on the date of enactment of this subsection, the Bureau of Prisons may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.")  Therefore, the statute expressly gives the BOP the option to determine whether and which inmates may be eligible.

Also, exhaustion of remedies within the BOP would allow Petitioner to build a record and give the BOP the opportunity to give a reasoned decision that Petitioner could then challenge in court, if necessary.  See, e.g., Brown v. Warden of FCI Williamsburg, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *8 (D.S.C. Mar. 25, 2019) (considering the identical issue and finding the petitioner could not show that exhaustion would be futile because the BOP should have the opportunity to consider this issue internally while it implements the First Step Act's requirements, before it is subjected to judicial scrutiny), report and recommendation adopted, 2019 WL 1773382 (D.S.C. Apr. 23, 2019).  Therefore, Petitioner fails to demonstrate cause to excuse the exhaustion requirement and the Petition should be dismissed without prejudice to allow Petitioner to fully raise this issue to the BOP in the first instance.

# RECOMMENDATION

Based on the foregoing, the court recommends Respondent's motion to dismiss be granted and the Petition be dismissed without prejudice.[2]

_____

June 22, 2021
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[2] In light of the court's recommendation, the court will not address Respondent's alternative argument supporting summary judgment on the merits of Petitioner's claim. And consequently, Petitioner's motion for an emergency hearing is denied as moot. (ECF No. 2.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).