# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Donnell R. Johnson, | Case No. 0:21-cv-101-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Stevie Knight, *Warden*; Melissa Forsyth, *Camp Administrator*, | |
| Respondents. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 18) recommending that the Court grant Respondents' motion to dismiss (Dkt. No. 12). For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Petitioner's petition without prejudice.

I. **Background**

Petitioner, a federal prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Plaintiff alleges that the Bureau of Prisons ("BOP") has failed to comply with the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), by not yet implementing an incentive system for inmates to complete recidivism reduction programs which, among other things, would award credits to reduce inmates sentences. *See* 18 U.S.C. § 3632(d). Petitioner claims that if the system were implemented, he would be eligible for release or pre-release custody based on his earned time credits. (Dkt. No. 1 at 12). Petitioner claims that, despite his requests, the BOP refuses to award him 365 days of time credits in the form of a sentence reduction that he would be owed under the First Step Act's system. (*Id.* at 11-12). Petitioner asks the Court to order the BOP to immediately apply Petitioner's earned time credits

to his sentence. Petitioner admits in his petition that he has not exhausted all BOP administrative remedies. (*Id.* at 6).

On April 21, 2021, Respondents filed a motion to dismiss. (Dkt. No. 12). Petitioner opposes. (Dkt. No. 16).

On June 22, 2021, the Magistrate Judge filed an R&R recommending that Respondent's motion be granted, and that Petitioner's petition be dismissed. (Dkt. No. 18).

Respondents' motion to dismiss is fully briefed and ripe for disposition.

## II. Legal Standards

### a. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### b. Habeas Corpus Generally

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is generally the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678-79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

### c. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner did not file objections to the R&R, the R&R is reviewed for clear error.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Petitioner's petition should be dismissed. First, the Magistrate Judge correctly found that Petitioner had failed to exhaust his administrative remedies as required by applicable case law. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) and *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)); *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573, 577-78 (N.D.W. Va. 2007). Second, the Magistrate Judge also correctly determined that no reason existed for excusing Petitioner's failure to exhaust. *McClung*, 90 F. App'x at 445 (noting exhaustion may be excused upon a showing of cause and prejudice); *Dunkley v. Hamidullah*, No. 6:06-cv-2139-JFA-WMC, 2007 WL 2572256, at *2 (D.S.C. Aug. 31, 2007) (courts may also excuse exhaustion for discretionary reasons, such as futility); (Dkt. No. 18 at 4-5) (correctly noting Petitioner "does not explain how this case turns on a question of statutory construction or, relatedly, why the BOP cannot apply the statute in the first instance"); 18 U.S.C. § 3621(h)(4) (expressly granting the BOP the discretion to implement an incentive system prior to the 2022 deadline); *see Brown v. Warden of FCI Williamsburg*, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *8 (D.S.C. May 25, 2019) (considering similar issues and finding that petitioner could not show that exhaustion would be futile because the BOP should have the opportunity to consider this issue internally while it implements the First Step Act's requirements, before it is subjected to judicial scrutiny), *report and recommendation adopted*, 2019 WL 1773382 (D.S.C. Apr. 23, 2019).

**IV. Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 18) as the order of Court, **GRANTS** Respondent's motion to dismiss (Dkt. No. 12) and **DISMISSES** Petitioner's petition without prejudice.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

July 13, 2021
Charleston, South Carolina